UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRIS POAD,

        Plaintiff,

v.                                      Case No. 09-C-457

CYNTHIA MARSH, et al.,

        Defendants.

**DECISION AND ORDER**

Plaintiff Poad, who is proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Racine Correctional Institution and has paid the filing fee in full.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the inmate has paid the filing fee. 28 U.S.C. § 1915A(a); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff asserts that Dr. Cynthia Marsh formed an ill-supported opinion as to Plaintiff's likelihood of committing a sexually violent offense. Partly as a result of her opinion, Plaintiff was denied parole in 2009. He asserts that the state is illegally detaining him past the date he should have been released and seeks a new parole hearing and new mental health evaluation. He also seeks declaratory relief.

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973)). Plaintiff, however, is not seeking immediate release but rather a new hearing and a new mental health evaluation. In his words, he

2

seeks a new hearing and evaluation based only on "true and accurate facts." Because he is seeking only procedural relief (a new hearing and evaluation), rather than a substantively different *outcome* (e.g. release), it appears § 1983 is available to him because granting that relief will not necessarily result in his immediate release – it will just result in a new hearing. Another evaluation and hearing may well result in the same outcome. In *Wilkinson,* the Supreme Court found that state inmates could use § 1983 to challenge parole procedures because their success in that action would merely mean they obtained new hearings. Their success, in other words, would not necessarily mean shorter periods of confinement and would not necessarily imply the invalidity of their sentences. As such, the implicit habeas exception did not apply.

> Applying these principles to the present case, we conclude that respondents' claims are cognizable under § 1983, i.e., they do not fall within the implicit habeas exception. Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). Neither respondent seeks an injunction ordering his immediate or speedier release into the community. And as in *Wolff*, a favorable judgment will not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term. Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus."

544 U.S. at 125 (citations omitted).

The same appears true here, although of course this is merely a screening order and the Defendants are not foreclosed from arguing otherwise or raising any other defenses that might be applicable. Thus, because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed.

3

**THEREFORE, IT IS ORDERED** that plaintiff shall serve each defendant pursuant to Fed. R. Civ. P. 4 with the complaint, a waiver of service form and/or summons, and this order. The clerk of court is directed to provide the pro se plaintiff with instructions on how to effect service.

**IT IS ORDERED** that because this screening of the complaint has reduced plaintiff's time for service, plaintiff is granted an extension of time for service to 120 days from the date of this order. *See* Fed. R. Civ. P. 4(m).

**THEREFORE, IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

4

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   10th   day of June, 2009.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge