UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRIS POAD,

        Plaintiff,

   v.                                                          Case No. 09-C-457

CYNTHIA MARSH, et al.,

        Defendants.

**DECISION AND ORDER**

      Chris Poad, an inmate at Racine Correctional Institution, filed this action under 42 U.S.C. § 1983 alleging that the parole commission violated his civil rights when it denied him parole. For relief, he asks this Court to order a new parole assessment and hearing based on "accurate" facts. The Defendants have now moved for summary judgment, and for the reasons given herein, their motion will be granted.

      In this Court's screening order, I noted the possible tension between Plaintiff's claims and § 1983. In particular, because Plaintiff was challenging his parole hearing proceedings, there was at least a potential for conflict with precedent requiring that such claims be brought as habeas corpus actions rather than § 1983 actions. I concluded, however, that because Plaintiff did not seek release from custody but merely wanted a new hearing, he was not challenging "the fact or duration of his confinement." *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). I left open the question, however, because the complaint was merely at the screening stage. The Defendants now argue that this case is not like *Wilkinson* because in that action the inmates were challenging a state procedural

rule rather than any administrative decision itself. Here, by contrast, Plaintiff seeks a new hearing based on "accurate" facts, and the clear premise of such a challenge is that his first hearing was *not* based on accurate facts. In particular, he claims he was denied release based on "knowingly false and misleading information" and that his continued incarceration under these circumstances constitutes cruel and unusual punishment. (Compl. at 4.) The Defendants thus argue that a victory for the Plaintiff in these proceedings would, therefore, necessarily imply the invalidity of his parole hearing, which means Plaintiff's complaint asserts a claim within the "core" of habeas proceedings rather than § 1983.

In *Edwards v. Balisok,* the inmate challenged prison proceedings used to deprive him of good time credits he had earned. 520 U.S. 641 (1997). He alleged that the hearing officer at his disciplinary proceeding "concealed exculpatory witness statements and refused to ask specified questions of requested witnesses, which prevented respondent from introducing extant exculpatory material and 'intentionally denied' him the right to present evidence in his defense." *Id.* at 644. The Supreme Court noted that in many cases a purely procedural challenge would not necessarily imply the invalidity of one's confinement, but in other cases "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 646. There, because the inmate alleged the suppression of evidence and a biased hearing officer, any relief granted through § 1983 (the inmate sought monetary damages and declaratory relief) would necessarily imply the invalidity of the punishment imposed on him. As such, relief under § 1983 was barred.

The same holds true here. The inmate in *Edwards* alleged that his proceedings were rigged by a biased hearing officer and that evidence was suppressed. Here, Poad is arguing that a state psychologist wrote a report riddled with unsubstantiated facts, and he argues that her opinion is

2

unprofessional and unscientific. (Compl. at A6.) He asserts that her opinion cannot be squared with the facts of his case, but nevertheless it is the only basis on which he continues to be held in custody. It is thus clear that any success achieved in this case would undermine the basis for the state's denial of Plaintiff's parole. His challenge is not merely to a "procedure" but to the substance of the evidence used against him, in particular, the psychologist's report and the facts and opinions used to deny him parole. Thus, despite the complaint's language, it is clear that Plaintiff is seeking not just a new hearing to cure various procedural defects – he is seeking a new hearing with *new evidence*. Granting such relief would necessarily undermine the validity of the original hearing because it would imply that the evidence relied on by the parole officials was flawed. Accordingly, the complaint does not set forth a basis for relief under § 1983.

Even if § 1983 were available, however, the Defendants would be entitled to summary judgment. Plaintiff frames his claims as violations of the Eighth Amendment and Due Process Clause. For the latter claim, he must assert that he was denied a protected liberty interest without due process of law. Release on one's presumptive mandatory release date is not a liberty interest, however. As the name suggests, release is only "presumptive" and the parole commission may determine, in its discretion, (as it did here) that an inmate does not warrant release. The "determination [of parole] will be based on Yates' progress and behavior and his participation in treatment or counseling. Yates' release is dependent upon the assessment of the parole commission at the time of his presumptive mandatory release." *State v. Yates,* 239 Wis.2d 17, 24, 619 N.W.2d 132, 136 (Wis. Ct. App. 2000). *See also Pettigrew v. Raemisch,* No. 07-cv-690, 2008 WL 4265327 (W.D. Wis., Jan. 28, 2008) ("Wisconsin Statutes § 302.11(1g) provides that inmates convicted of certain enumerated felonies are entitled only to 'presumptive mandatory release.' For these inmates,

3

the parole commission may deny release if it finds that release would endanger public protection or that the inmate has refused to participate in recommended counseling or treatment while incarcerated. Wis. Stat. § 302.11(1g)(b). Because release is discretionary for these inmates, they do not have a protected liberty interest in obtaining parole.") Accordingly, because there is no protected liberty interest in parole, Plaintiff was not entitled to receive any particular level of due process.

Plaintiff's Eighth Amendment claim is essentially a rephrasing of his due process claim: he alleges that to continue to hold him in custody past his presumptive mandatory release date based on false and misleading information constitutes cruel and unusual punishment. (Compl. at 4.) It follows, of course, that if parole is discretionary and his continued incarceration is lawful, it does not constitute cruel and unusual punishment to keep an inmate in custody. Thus, even if Plaintiff could state his claims under § 1983, his claims would not succeed.

Two matters remain. Also pending before the Court are Plaintiff's motion to compel discovery and his motion for sanctions against the attorney for the Defendants. It is clear from the Defendants' response to Plaintiff's motion to compel that he received more discovery than was required given the analysis above. He was not given all that he requested either because the Defendants did not have access to the material requested or the requests were overly broad and not likely to lead to the discovery of relevant evidence. In his motion for sanctions, Plaintiff accuses counsel for the Defendants of attempting to obtain access to his medical/psychological file from the Department of Corrections by falsely claiming that she was Plaintiff's attorney. In fact, however, it appears that counsel was attempting to get Plaintiff to sign the authorization she needed to obtain access to the files in order to properly defend her clients against his claims. At worst, it appears

4

there may have been a misunderstanding concerning counsel's role in the case. I find no grounds for imposing sanctions on either counsel or her clients.

Accordingly, Plaintiff's motions to compel (Dkt. 21) and for sanctions (Dkt. 32) are **DENIED**. Defendants' motion for summary judgment (Dkt. 25) is **GRANTED** and the case is **DISMISSED**. Judgment shall be entered by the Clerk.

**SO ORDERED** this   20th   day of September, 2010.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge